IN RE DISQUALIFICATION OF TYACK.

STATE *v.* HILL.

(No. 16–AP–027—Decided May 4, 2016.)

O'CONNOR, C.J.

{¶ 1} Allison Lippman, an assistant prosecutor for the city of Columbus, has filed an affidavit with the clerk of this court under R.C. 2701.031 seeking to disqualify Judge David B. Tyack from presiding over any further proceedings in the above-captioned criminal case, which is now pending for trial.

{¶ 2} Lippman alleges that during a recent discussion with counsel, Judge Tyack stated that if a witness testified as defendant indicated that he would, then "that is reasonable doubt" and the prosecution should consider waiving a jury and trying the case to the bench. Based on this comment, Lippman contends that Judge Tyack has predetermined the merits of the case, despite the fact that the state has not yet presented its evidence.

{¶ 3} Judge Tyack has responded in writing to the affidavit, denying that he has prejudged the case and affirming that he will remain fair and impartial. The judge acknowledges that he recently noted that if a witness testified as defense counsel represented that he would, then the testimony would appear to raise a reasonable doubt. However, Judge Tyack explains that he made that preliminary statement simply to assist the attorneys in assessing the strengths and weaknesses of their cases.

{¶ 4} As explained in previous disqualification requests,

> A judge rarely hears preliminary aspects of a case without forming conditional opinions of the facts or law. These conditional opinions often assist the parties and their counsel in identifying and narrowing the issues in controversy and facilitate the settlement of cases prior to trial. However, the formation of these conditional opinions is not sufficient to counter the presumption of the judge's ability to render a fair decision based upon the evidence later presented at trial.

*In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993).

{¶ 5} For example, in *Brown*, a party in a domestic-relations case sought to disqualify a judge who stated during a pretrial conference that she would possibly award spousal support and attorney fees if certain facts presented at the pretrial were ultimately substantiated by trial evidence. The chief justice denied the

affidavit of disqualification, finding that the judge's expression of her preliminary assessment and conditional opinion did not mean that she could not render a fair decision based on the evidence later presented at trial.

{¶ 6} Here, Judge Tyack affirms that he will arrive at a determination of guilt or innocence only after hearing all the evidence submitted at trial. Accordingly, the record does not indicate that Judge Tyack has formed anything more than a conditional opinion, which is insufficient to demonstrate bias or prejudice under R.C. 2701.031.

{¶ 7} The affidavit of disqualification is therefore denied. The case may proceed before Judge Tyack.